UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUC ROBERT BERNARD,

      Plaintiff,

-against-

CARE DESIGN N.Y.; CEO JIM MORAN,

      Defendants.

20-CV-1527 (CM)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

COLLEEN MCMAHON, Chief United States District Judge:

  Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

  Plaintiff submitted an IFP application but his responses do not establish that he is unable to pay the relevant fees. Plaintiff states that he is currently unemployed. But he states that before August 30, 2019, he was earning a salary of $58,000 per year. He checks the box on the IFP application to indicate that he receives income from a "[b]usiness, profession, or other self-employment," and where asked to provide additional information about his income sources, Plaintiff writes, "My wife has a full time job and pays the full rent." (ECF No. 1, at 2.) In response to the question asking him to describe and list the value of any assets such as automobiles, real estate, stocks, or bonds he owns, Plaintiff writes, "yes." (*Id.*) He further indicates that he has "$9,908.56 + 1124,36" [sic] in a checking account and an unknown amount in a savings account. (*Id.*) Plaintiff has no children and provides no financial support to his wife. He does not provide answers to the questions on the IFP application asking him to describe his monthly expenses and any other debts or financial obligations.

Based on the information provided by Plaintiff on the IFP application, the Court is unable to grant Plaintiff IFP status at this time. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached amended IFP application in which he fully discloses his financial status – he must fully and completely answer all of the amended IFP application's questions, including those about the value of any assets he owns, his monthly expenses, and any debts or financial obligations he has. If Plaintiff submits the amended IFP application, it should be labeled with docket number 20-CV-1527 (CM). If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the Court will process the case in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: February 24, 2020
       New York, New York

                                                COLLEEN McMAHON
                                    Chief United States District Judge